UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MCCURDY,<br><br>    Plaintiff,<br><br>    v.<br><br>PRICE, et al.,<br><br>    Defendants. | No.  1:21-cv-01699-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT PRICE<br><br>(ECF No. 33) |

      Plaintiff is proceeding pro se and in forma pauperis in this civil rights action.

      On September 3, 2025, the Court ordered that that this case proceed on Plaintiff's complaint against Defendants J. Price; D. White; Sergeant Martinez; G. Rodriguez; E. Limon; E. Puga, and Sergeant Beer for violations of Plaintiff's First and Eighth Amendment rights, and ordered the complaint be served.  (ECF Nos. 23, 24.)

      On November 7, 2025, CDCR returned a notice of intent to not waive service on Defendant Jeffery Price because he is deceased.  (ECF No. 33.) In addition, the CDCR website confirms that Jeffery Price died on October 28, 2019.

https://www.cdcr.ca.gov/insidecdcr/2019/12/03/jeffrey-f-price/[1]

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010); see also In re Yahoo Mail Litig., 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v.

1

**I.**

**DISCUSSION**

Rule 25 of the Federal Rules of Civil Procedure governs the substitution of parties.

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative.
>
> If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Such provision authorizes the substitution of a proper party when an existing party dies after the suit is commenced. Id.

The Ninth Circuit has held that a dead person may not sue, be sued, or be joined as a party to a lawsuit. LN Mgmt., LLC v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 951 (9th Cir. 2020). The Ninth Circuit has noted that the "dead do not provide the requisite adversarialness to make them parties to an Article III case or controversy." Id. Similarly, the dead cannot receive service of summons that would allow a court to exercise personal jurisdiction over them. See Gilmore v. Lockard, 936 F.3d 857, 864 (9th Cir. 2019) ("[S]ervice of summons must be completed before a federal court may exercise personal jurisdiction over a party ...." (citing Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987))). In cases where a party to a suit dies after its commencement, Rule 25 allows the plaintiff to substitute another party for a decedent, such as the estate representative or the successor, to effectuate service and grant the court personal jurisdiction. See Lacy v. Tyson, No. 1:07-cv-00381-LJO-GSA-PC, 2012 WL 4343837, at *1 (E.D. Cal. Sept. 20, 2012); Gilmore, 936 F.3d at 864 ("[S]ervice after substitution ... ensur[es] that a court has personal jurisdiction over the new, proper party.").

Here, Jeffery Price died on October 28, 2019, approximately two years before the instant action was filed. Accordingly, because Jeffery Price died before this action was commenced, Rule 25(a) does not apply, Plaintiff's claims against such Defendant are a nullity, and Defendant Jeffery Price should be dismissed from this action with prejudice. Lacy, 2012 WL 4343837, *2.

---

McCormick & Schmick Restaurant Corp., 460 F.Supp.2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

Case 1:21-cv-01699-KES-SAB   Document 34   Filed 11/12/25   Page 3 of 3

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant Jeffery Price be dismissed from the action with prejudice

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 12, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3