UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MCCURDY,<br><br>                    Plaintiff,<br><br>          v.<br><br>PRICE, et al.,<br><br>                    Defendants. | No.  1:21-cv-01699-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF DEFENDANT MARTINEZ<br><br>(ECF No. 38) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

On September 3, 2025, the Court ordered service of Plaintiff's complaint against Defendants J. Price, D. White, Sergeant Martinez, G. Rodriguez, E. Limon, E. Puga, and Sergeant Beer for violations of Plaintiff's First and Eighth Amendment rights.  (ECF No. 24.)

On November 7, 2025, the California Department of Corrections and Rehabilitation returned a notice of intent to not waive service of process as to Defendant Martinez.  (ECF No. 33.)

Thereafter, service was forwarded to the United States Marshal who returned the summons as unexecuted with notation that Sergeant Martinez was unable to be identified based

on the information provided.  (ECF No. 36.)

On November 17, 2025, the Court ordered Plaintiff to show cause why Defendant Martinez should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m).  (ECF No. 38.)

Despite receiving an extension of time, Plaintiff has failed to respond to the order to show cause and the time to do so has passed.  (ECF Nos. 39, 42.)

**II.**

**DISCUSSION**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations & citation omitted), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause...." Id. (internal quotations & citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Id. at 1421-22. The ninety-day deadline under Rule 4(m) applies to service on Doe Defendants. See Ticketmaster L.L.C. v. Prestige Entm't W., Inc., 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018); Tabi v. Doe, No. EDCV 18-714 DMG(JC), 2019 WL 4013444, at *1 (C.D. Cal. Aug. 26, 2019) (dismissing action against Doe

2

Defendants without prejudice for failure to serve within Rule 4(m)'s 90-day deadline).

Where a plaintiff has failed to effect service in accordance with Rule 4(m) and has failed to comply with the orders instructing him to identify the defendant, dismissal of a Doe defendant is warranted. See Williby v. California, 276 F. App'x 663, 665 (9th Cir. 2008) (holding district court's sua sponte dismissal of Doe defendants was merited where plaintiff had failed to identify defendants within allotted discovery period); see also Flowers v. Toon, No. 1:19-cv-01027-JLT-CDB (PC), 2023 WL 2347687, at *2 (E.D. Cal. Mar. 3, 2023) (finding plaintiff was afforded "ample time and opportunity to identify, substitute, and serve the Doe defendants" and denying reconsideration of the dismissal of Does 1-3); West v. Federal Bureau of Prisons, No. 1:09-CV-01277-LJO-GBC (PC), 2012 WL 893779, at *4 (E.D. Cal. Mar. 15, 2012) (recommending dismissal of Defendant Doe 3 because plaintiff was afforded "sufficient opportunity to pursue discovery to identify Doe Defendants" but failed to do so within prescribed period).

In this instance, because Sergeant Martinez was unable to be identified with the information provided by Plaintiff, more information is necessary to identify this Defendant in order for the United States Marshal to serve this Defendant.  In light of Plaintiff's failure to show cause why Defendant Martinez should not be dismissed from this action, Defendant Martinez should be dismissed from this action under Rule 4(m) for Plaintiff's failure to provide information to enable the U.S. Marshal to locate Defendant Martinez for service of process.

**III.**

**RECOMMENDATION**

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendant Martinez be dismissed from the action pursuant to Federal Rule of Civil Procedure 4(m)..

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is

advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4